**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Mangiardi Brothers
Trucking, Inc.

    v.                                          Civil No. 12-cv-481-JD

Dewey Environmental, LLC
and Francis Harvey & Sons, Inc.


**REPORT AND RECOMMENDATION**


    Mangiardi Brothers Trucking, Inc. ("Mangiardi"), initially

sued four defendants in six counts, asserting claims arising out

of unpaid invoices for Mangiardi's services in hauling hazardous

waste from a construction site.  Specifically, Mangiardi sued

all four defendants for unjust enrichment (Count III),

restitution (Count IV), and quantum meruit (Count V), and

asserted claims against Dewey Environmental, LLC ("Dewey") and

Francis Harvey and Sons, Inc. ("Francis Harvey") for breach of

contract (Count I), violation of the implied covenant of good

faith and fair dealing (Count II), and violation of the New

Hampshire Consumer Protection Act (Count VI).  In an order dated

April 30, 2013, Judge DiClerico granted motions to dismiss

Counts III, IV, and V filed by Babcock and Wilcox Construction

Co. ("Babcock") and Berlin Station, LLC ("Berlin").  See doc.

no. 26.  Default has been entered against Dewey and Francis

Harvey, see doc. no. 15, and Mangiardi has waived the Consumer
Protection Act claim stated in Count VI.  Before me for a report
and recommendation is Mangiardi's motion for a default judgment
in the amount of $78,751.70 against Dewey and Francis Harvey, on
the claim for breach of contract stated in Count I.  For the
reasons that follow, I recommend that Mangiardi's motion be
granted in part.

**The Legal Standard**

Because default has been entered against Dewey and Francis
Harvey, both defendants "are taken to have conceded the truth of
the factual allegations in the complaint as establishing the
grounds for liability."  S.E.C. v. New Futures Trading Int'l
Corp., No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20,
2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63
(1st Cir. 2002)).  Nevertheless, "the entry of default does not
compel a granting of a default judgment."  Weis v. GB Mortg.,
LLC (In re D'Alessandro), Adversary No. 11-4089, 2013 WL
1385745, at *4 (Bankr. D. Mass. Apr. 4, 2013).  Rather, a
default judgment is granted if "[t]he claimant [] state[s] a
legally valid claim for relief."  U.S. v. Simoneau, No. 12-cv-
348-JL, 2012 WL 6917071, at *1 (D.N.H. Dec. 20, 2012) (quoting
10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d
ed. 2011)).  Thus, "[a] court may grant judgment by default only

2

for relief that may lawfully be granted on the well-pleaded
facts alleged by the claimant," 10 Moore's, supra § 55.32[1][b]
(emphasis added).  Here, to determine the extent of relief that
may be granted, the court will also consider the facts offered
within the exhibits attached to the complaint.  Cf. Freeman v.
Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013) (citing
Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).


**Factual Concessions**

Dewey and Francis Harvey concede the following facts
alleged in Mangiardi's complaint.  Babcock, a general contractor
hired to design an energy plant in Berlin, New Hampshire,
retained Francis Harvey to excavate the construction site.
Francis Harvey employed Dewey to remove hazardous waste from the
site.  Dewey, in turn, contracted with Mangiardi to haul the
waste from the site to a landfill in New York.

Mangiardi alleges that before its agreement with Dewey was
finalized, Dewey discussed the terms with Harvey.  Am. Compl.
(doc. no. 16) ¶ 18.  Shortly thereafter, the terms of the
agreement were memorialized in a series of e-mails.  In the
first of those emails, dated October 27, 2011, Nicholas
Mangiardi wrote to Dewey's Charles Wilder:

> Charles, the trans rate will be $135.00 per ton.  [W]e
> have to keep our gross at 80,000 for model city.

Am. Compl., (doc. no. 16), Ex. 1.

On November 25, Wilder responded:

> Per a conversation with Mark today, I am confirming
> that we talked about Mangiardi supplying 2 trucks per
> day beginning next Tuesday to haul soil from Berlin,
> NH to WM landfill, Model City, NY.  The rate will be
> $115 per ton and payment net 14 days unless otherwise
> agreed to previous to pickup.  I will confirm on
> Monday as it could be delayed by a day.  Below is
> project info...
>
> Contractors: Francis Harvey & Sons (site) and Babcock
> Wilcox Construction (GC).

Id.  Wilder's e-mail to Mangiardi mentions Wilder's conversation

with "Mark," but does not indicate who Mark is, or the company,

if any, with which Mark was affiliated.  On November 28, Wilder

forwarded his e-mail correspondence with Mangiardi to Mark:

> See below for confirmation on 14 day terms.  We will
> start Thursday AM.  Billing info is: Dewey
> Environmental LLC, 680 Washington Street, Holliston,
> MA 01746.

Id.  In short, Dewey agreed to pay Mangiardi $115.00 per ton of

waste hauled, with payments due in full fourteen days after

receipt of Mangiardi's invoice.

Mangiardi began hauling waste to the New York landfill on

December 1, 2011, and on December 5, Mangiardi submitted its

first invoice to Dewey.  See Am. Compl. (doc. no. 16) Ex. 2.

Although invoices were submitted to Dewey, Dewey "was a single-

purpose entity created specifically to act as a pass through" to

4

shelter the other contractors from liability, Am. Compl. (doc. no. 16) ¶ 12, and further, in the event Dewey was unable to pay, Mangiardi believed Francis Harvey or the other defendants would pay for its services.  In any event, Mangiardi's first invoice was paid with a check from Francis Harvey.

Mangiardi continued hauling waste from the construction site, submitting five more invoices to Dewey.  Payment on the first of those invoices was due December 25, 2011.[1]  These invoices totaled $128,751.70.  For some of the invoices, Mangiardi was not compensated within fourteen days.  When Mangiardi failed to receive timely payment, it contacted both Dewey and Francis Harvey.  Both defendants promised to pay immediately.  With that assurance, Mangiardi continued its work. On January 9, 2012, Dewey wired a $50,000 payment to Mangiardi. That payment partially settled two outstanding invoices. Mangiardi has not received further payments from either company since January 9, 2012, and claims it is still owed $78,751.70.

## Discussion

Based upon the facts recited above, Mangiardi sued Dewey and Francis Harvey for breach of contract.  Because both defendants have defaulted, Mangiardi moves for default judgment.

---

[1] The complaint identifies the year as 2012, but this appears to be a typographical error.

5

Under New Hampshire common law, "[a] breach of contract
occurs when there is a failure without legal excuse to perform
any promise which forms the whole or part of a contract."
Lassonde v. Stanton, 157 N.H. 582, 588 (2008) (citing Poland v.
Twomey, 156 N.H. 412, 415 (2007)).

There are sufficient facts alleged in Mangiardi's complaint
to support a claim for breach of contract against Dewey.  Dewey
promised Mangiardi it would pay $115 per ton of waste hauled.
Mangiardi hauled the waste.  After making a partial payment,
however, Dewey ceased payment on the remaining past due
invoices.  Dewey has no legal excuse for its failure to
compensate Mangiardi for its services.  Therefore, Dewey is
liable for the damages flowing from its breach.

Francis Harvey's liability, however, is not so clear.  To
find Francis Harvey liable for breach of contract, the complaint
must adequately allege that Francis Harvey promised to pay the
invoices.  It does not.

In the complaint, Mangiardi alleges that "Dewey discussed
Mangiardi's terms with Francis Harvey," Am. Compl. ¶ 18, and
that its first invoice was paid by a check from Francis Harvey.
See id. ¶ 21.  Based upon those allegations, Mangiardi frames
its breach of contract claim against Francis Harvey this way:

>    Defendant Francis Harvey thereafter became a party to
>    the contract when it effectively approved the same and

> submitted a payment to Mangiardi for the full amount
> of the first invoice submitted to Dewey.

Am. Compl. (doc. no. 16) ¶ 57.

Accepting as true that Dewey discussed the terms of the Mangiardi agreement with Francis Harvey, and that Francis Harvey "effectively approved" of those terms, there is nothing in those acts that constitutes a promise on Francis Harvey's part to pay Mangiardi for its services.  Moreover, it is worth noting that of the three e-mails that, according to the complaint, memorialized the parties' agreement in this case, two are from Dewey and one is from Mangiardi.  While Dewey sent an e-mail to someone named Mark, who may or may not have been a Francis Harvey employee, there is no communication of any kind from Francis Harvey to anyone at all, much less a communication in which Francis Harvey promised to pay Mangiardi for hauling waste from the site in Berlin to New York.  Although Francis Harvey paid the first invoice that Mangiardi submitted to Dewey, that act cannot serve as grounds to establish that Francis Harvey obligated itself to pay any future invoices.  In sum, based upon the facts alleged in Mangiardi's complaint, there is no basis for granting Mangiardi's motion for default judgment on its claim against Francis Harvey for breach of contract.

While Mangiardi has not adequately stated a claim for breach of contract against Francis Harvey, it is entitled to a

7

default judgment on the claim against Dewey. Accordingly, the court turns to damages.

Mangiardi should be awarded damages in the amount of the unpaid invoices. Mangiardi alleges that the total owed on all invoices prior to Dewey's $50,000 payment is $128,751.70. However, invoice number 6158 credits Dewey's account $7,739.80. Thus, the remaining balance for the unpaid invoices is $71,011.90.

**Conclusion**

For the foregoing reasons, I recommend that Judge DiClerico: (1) grant Mangiardi default judgment as to Count I against Dewey; (2) deny Mangiardi default judgment as to Count I against Harvey; (3) and award Mangiardi $78,751.70 in damages.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____

Landya McCafferty
United States Magistrate Judge

August 7, 2013

cc:  David Himelfarb, Esq.
     Rebecca S. Kane, Esq.
     Thomas J. Pappas, Esq.

LBM:jba