UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mangiardi Brothers
Trucking, Inc.

    v.	Civil No. 12-cv-481-JD

Dewey Environmental, LLC,
et al.


O R D E R

Mangiardi Brothers Trucking, Inc. ("Mangiardi") brought suit against Dewey Environmental, LLC ("Dewey"); Francis Harvey and Sons, Inc. ("Francis Harvey"); Babcock and Wilcox Construction Co., Inc. ("Babcock"); and Berlin Station, LLC ("Berlin Station") alleging claims arising out of unpaid invoices for Mangiardi's services in hauling hazardous waste from a construction site. The clerk of court entered defaults as to Dewey and Francis Harvey, and Mangiardi moved for a default judgment on its breach of contract claim as to each entity under Federal Rule of Civil Procedure 55(b)(1).[1]  The magistrate issued a report and recommendation, concluding that Mangiardi's motion for default judgment on the breach of contract claim should be granted as to Dewey but denied as to Francis Harvey.  Mangiardi objected to the magistrate's report and recommendation.

---

[1] The court granted Babcock's and Berlin Station's motions to dismiss on April 30, 2013.

Background

In the fall of 2011, Berlin Station hired Babcock as its general contractor for the construction of a "biomass energy plant" (the "Project"). Berlin Station owns the property upon which the Project was being constructed (the "Construction Site").

In November 2011, Babcock entered into an agreement with Francis Harvey, under which Francis Harvey agreed to perform certain site work for the Project. Francis Harvey subcontracted with Dewey to perform hazardous waste removal on the Project.

Dewey subsequently contacted and subcontracted with Mangiardi to haul the hazardous waste materials from the Construction Site. Dewey agreed to pay Mangiardi $115 per ton of waste hauled and payment was due within fourteen days after the date of an invoice. The terms of the agreement were confirmed through an email between Dewey and Mangiardi. Mangiardi alleges that Dewey discussed the terms of the agreement with Francis Harvey.

Mangiardi began performing the services required under the contract with Dewey on December 1, 2011. On December 5, 2011, Mangiardi submitted its first invoice to Dewey in the amount of $20,513.75. Mangiardi received a check from Francis Harvey for the full amount of the invoice on December 12, 2011.

Mangiardi continued to perform the services required under the contract and submitted five more invoices to Dewey, totaling $128,751.70. When payment for the first of the five invoices was not made within fourteen days, Mangiardi contacted both Dewey and Francis Harvey. Each promised that a payment would be made shortly.

On January 9, 2012, Dewey wired $50,000 to Mangiardi. Despite contacting Dewey and Francis Harvey on many occasions since then, Mangiardi did not receive any further payment from either company.

Mangiardi brought this action alleging claims against Dewey and Francis Harvey for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, quantum meruit, restitution, and violation of New Hampshire's Consumer Protection Act, RSA 358-A:2.[2] Dewey and Francis Harvey defaulted, and the clerk of court ordered that Mangiardi submit a motion for default judgment and, if appropriate under Federal Rule of Civil Procedure 55(b)(1), an affidavit specifying damages. The clerk of court scheduled a damages hearing for July 3, 2013.

---

[2] The claims for unjust enrichment, quantum meruit, and restitution were also brought against Babcock and Berlin Station. As mentioned above, those claims were dismissed as against those entities in the court's April 30, 2013, order.

Mangiardi filed a motion for default judgment pursuant to Rule 55(b)(1), seeking a judgment in the amount of $78,751.70 jointly and severally against Dewey and Francis Harvey. In its motion, Mangiardi stated:

> [T]he Plaintiff's claim against the Defendants is one of breach of contract arising from the Defendants' failure to pay the invoices for services performed by the Plaintiff, pursuant to the terms of the contract between the parties, as set out in the Verified complaint. The unpaid invoices total[] $78,751.70.

Mot. at ¶ 5. Mangiardi further stated in its motion that it "hereby waives its claim under the New Hampshire Consumer Protection Act, RSA 358-A:2, and in consideration therefor, requests that the default judgment enter forthwith pursuant to . . . Rule 55(b)(1), and the damages hearing scheduled for July 3, 2013 be cancelled." Id. at ¶ 6.

The magistrate issued a report and recommendation on Mangiardi's motion. In the report and recommendation, the magistrate recommended granting the motion as to Dewey but denying the motion as to Francis Harvey. The magistrate noted that even accepting all factual allegations in the complaint as true, the complaint failed to allege a claim for breach of contract as to Francis Harvey. Mangiardi objected to the report and recommendation in so far as it recommended denying Mangiardi's motion as to Francis Harvey.

Discussion

Federal Rule of Civil Procedure 55 establishes a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), a plaintiff may request that a default judgment be entered against the defendant. Fed. R. Civ. P. 55(b). Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1).

Once default has been entered against a defendant, he is "'taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.'" S.E.C. v. New Futures Trading Int'l Corp., 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)). However, "while a defaulting

5

party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims." United States v. Simoneau, 2012 WL 6917071, at *1 (D.N.H. Dec. 20, 2012) (internal quotation marks and citation omitted); see also Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) ("[A]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.") (internal quotation marks and citations omitted). Therefore, "default judgment is only proper if the complaint contains well-pleaded factual allegations establishing a valid cause of action." Champion v. SLM Corp., 2011 WL 1375283, at *2 (E.D. Tex. Mar. 15, 2011); see also 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2011) ("A court may grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant.").

   In the amended complaint, Mangiardi alleges that it entered into a contract to perform hazardous waste removal on the Project with both Dewey and Francis Harvey. In support of its allegation that Francis Harvey was a party to the contract, Mangiardi alleges that "Dewey discussed Mangiardi's terms with Francis Harvey," Am. Compl. ¶ 18, and that its first invoice was paid by

a check from Francis Harvey, see id. at ¶ 21. Thus, although Mangiardi alleges that it initially entered into a contract with Dewey, it alleges that "Francis Harvey thereafter became a party to the contract when it effectively approved the same and submitted a payment to Mangiardi for the full amount of the first invoice submitted to Dewey." Id. at ¶ 57.

The magistrate found that these allegations did not state a claim for breach of contract against Francis Harvey. The court agrees.[3] None of the facts alleged in the complaint supports the existence of a contract between Mangiardi and Francis Harvey. Although Mangiardi alleges that Dewey discussed the terms of the contract with Francis Harvey, that allegation is insufficient to establish that Francis Harvey manifested its assent to those terms or to be bound by the agreement. See Bel Air Assoc. v. N.H. Dep't of Health and Human Servs., 158 N.H. 104, 107-08 (2008) ("For a meeting of the minds to occur, the parties must assent to the same contractual terms. That is, the parties must have the same understanding of the terms of the contract and must manifest an intention, supported by adequate consideration, to be bound by the contract." (internal quotation marks and citation

---

[3] The court reviews de novo the part of the magistrate's report and recommendation that has been properly objected to. See Fed. R. Civ. P. 72(b)(3).

omitted); see also Chase Home for Children v. N.H. Div. for Children, Youth and Families, 162 N.H. 720, 727 (2011). In addition, although Francis Harvey paid the first invoice, Mangiardi has not explained how that payment obligated Francis Harvey to pay future invoices or otherwise joined it as a party to the agreement between Mangiardi and Dewey.

Accordingly, the court concludes, as did the magistrate, that Mangiardi has not stated a claim for breach of contract against Francis Harvey. Mangiardi's motion for entry of a default judgment, however, concerned only the breach of contract claim against Dewey and Francis Harvey. Default judgment has not yet been entered on Mangiardi's claims for unjust enrichment (Count III) and quantum meruit (Count V) against Francis Harvey.[4]

---

[4] As discussed, in addition to the breach of contract claim, Mangiardi also brought claims against Francis Harvey for violation of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), restitution (Count IV), quantum meruit (Count V), and violation of the New Hampshire Consumer Protection Act, RSA 358-A:2 (Count VI). Mangiardi waived its Consumer Protection Act claim in its motion for entry of a default judgment. See Mot. at ¶ 6. Because the court concludes that a contract did not exist between Mangiardi and Francis Harvey, Mangiardi cannot be entitled to a default judgment as to its claim for violation of the covenant of good faith and fair dealing. Finally, restitution is not a separate cause of action under New Hampshire law and is only a remedy for unjust enrichment. See, e.g., Gen. Insulation Co. v. Eckman Const., 159 N.H. 601, 620 (2010) ("A plaintiff is entitled to restitution for unjust enrichment" if the plaintiff proves his claim.) (internal citation and quotation marks omitted).

Therefore, Mangiardi is entitled to a damages hearing as to those claims under Rule 55(b)(2).

## Conclusion

For the foregoing reasons, after due consideration of the objection filed, the court herewith approves the Report and Recommendation of Magistrate Judge Landya B. McCafferty dated August 7, 2013.  The clerk of court shall enter judgment against Dewey in the amount of $78,751.70[5] in accordance with this order.

---

Therefore, only Mangiardi's claims against Francis Harvey for unjust enrichment and quantum meruit remain.

[5] The magistrate recommended that the court award Mangiardi $78,751.70, the amount sought in Mangiardi's motion.  On page 8 of the report and recommendation, the magistrate also noted that "invoice number 6158 credits Dewey's account $7,739.80.  Thus, the remaining balance for the unpaid invoices is $71,011.90." Mangiardi's request for $78,751.70, however, already accounts for the $7,739.80 credit to Dewey's account.  Therefore, the court agrees with the magistrate's recommendation to award Mangiardi $78,751.70 in damages.

The clerk of court shall schedule a damages hearing before the magistrate on the unjust enrichment and quantum meruit claims against Francis Harvey.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 13, 2013

cc: David Himelfarb, Esquire
    Rebecca S. Kane, Esquire
    Thomas J. Pappas, Esquire